# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE REBOLLEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>RENTERIA, et al.,<br><br>    Defendants. | Case No.  1:16-cv-01098-JLT (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

In this action, Plaintiff complains of an incident where Officer Renteria placed him in a holding cage with inmates from the Sensitive Needs Yard, who attacked him. Because his allegations do not state a cognizable claim, the Complaint is **DISMISSED** with leave to amend.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**B.     Summary of Plaintiff's Complaint**

Plaintiff alleges that, on July 29, 2015, after x-rays had been taken of his ankle for a prior

injury, Officer R. Renteria placed him in a holding cage with other inmates.  (Doc. 1, p. 4.)  Once Officer Renteria secured the cell and left, one of the other inmates asked Plaintiff if he was GP. (*Id.*)  When Plaintiff responded in the affirmative, the inmates attacked him.  (*Id.*)  Plaintiff later asked another officer about the incident, the officer told him that the inmates who assaulted him were assigned to the SNY.  (*Id.*)  The only defendants Plaintiff named in this action are Officer Renteria and the CDCR.  Plaintiff seeks monetary damages.

Plaintiff has not stated any cognizable claims, but may be able to correct the deficiencies in his pleading.  Thus, he is being given the pleading requirements, the standards under the Eighth Amendment for a failure to protect claim,[1] and leave to file a first amended complaint.

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally

---

[1] Plaintiff does not identify which of his rights he feels was violated, but this seems the most applicable based on his factual allegations.

2

and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

If he chooses to file a first amended complaint, Plaintiff should make it as concise as possible. He should merely state which of his constitutional rights he feels were violated by each Defendant and its factual basis.

## 2.     Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly state which defendant(s) he feels are responsible for each violation of his constitutional rights and their factual basis as his complaint must put each Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### 3. Exhibits

Plaintiff's complaint is comprised of a few pages of factual allegations followed by several pages of exhibits which he referenced in compliance with Rule 10(c) of the Federal Rules of Civil Procedure. At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Originals, or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) need not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the Court) and the Court is not a repository for the parties' evidence. Further, for screening purposes, the Court must assume that Plaintiff's factual allegations are true. It is unnecessary for a plaintiff to submit exhibits in support of the allegations in a complaint. Thus, if Plaintiff chooses to file a first amended complaint, he would do well to simply state the facts upon which he alleges a Defendant has violated his constitutional rights and refrain from submitting exhibits. However, if Plaintiff attaches exhibits to his amended complaint, each exhibit must be specifically referenced. Fed. R. Civ. Pro. 10(c). For example, Plaintiff must state "see Exhibit A" or something similar in order to direct the Court to the specific exhibit Plaintiff is referencing. Further, if the exhibit consists of more than one page, Plaintiff must reference the specific page of the exhibit (i.e. "See Exhibit A, page 3").

### 4. CDCR

Plaintiff named the CDCR as a defendant in this action. However, the Eleventh Amendment prohibits federal courts from hearing suits brought against an un-consenting state. *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Seminole Tribe of Fla. v. Florida*, 116 S.Ct. 1114, 1122 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. *See Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Brooks v. Sulphur Springs Valley Elec. Co.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh

4

Amendment immunity); *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1989). "Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by its own citizens, as well as by citizens of other states." *Brooks*, 951 F.2d at 1053 (citations omitted). "The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief is legal or equitable in nature." *Id.* (citation omitted). Because the CDCR is a state agency, it is entitled to dismissal based on Eleventh Amendment.

### D. <u>Claims for Relief</u>

#### 1. **Eighth Amendment -- Safety**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).

To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002). This involves both objective and subjective components.

First, objectively, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834, quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . must also draw the inference." *Farmer*, 511 U.S. at 837. Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

5

1  *Id*. at 847.

2  Certainly, Plaintiff's allegation that he was attacked by several inmates in the holding
3  cage is sufficiently serious to meet the objective element of this claim.  However, Plaintiff does
4  not state a cognizable claim as he fails to states any allegations to show that Officer Renteria had
5  any basis to know that it was dangerous to place Plaintiff in the holding cage and that Renteria
6  disregarded this risk.

### 2. California Tort Claims Act

8  Under the California Tort Claims Act, set forth in California Government Code sections
9  810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or
10 entity unless the plaintiff first presented the claim to the California Victim Compensation and
11 Government Claims Board, and the Board acted on the claim, or the time for doing so expired.
12 "The Tort Claims Act requires that any civil complaint for money or damages first be presented
13 to and rejected by the pertinent public entity."  *Munoz v. California*, 33 Cal.App.4th 1767, 1776,
14 39 Cal.Rptr.2d 860 (1995).  The purpose of this requirement is "to provide the public entity
15 sufficient information to enable it to adequately investigate claims and to settle them, if
16 appropriate, without the expense of litigation."  *City of San Jose v. Superior Court*, 12 Cal.3d
17 447, 455 (1974) (citations omitted).  Compliance with this "claim presentation requirement"
18 constitutes an element of a cause of action for damages against a public entity or official.  *State v.*
19 *Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004).  Thus, in the state courts, "failure to
20 allege facts demonstrating or excusing compliance with the claim presentation requirement
21 subjects a claim against a public entity to a demurrer for failure to state a cause of action."  *Id*. at
22 1239 (fn.omitted).

23 Federal courts likewise must require compliance with the CTCA for pendant state law
24 claims that seek damages against state public employees or entities.  *Willis v. Reddin*, 418 F.2d
25 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477
26 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983,
27 may proceed only if the claims were first presented to the state in compliance with the claim
28 presentation requirement.  *Karim–Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627

6

(9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Plaintiff alleges, and his exhibits show, that he timely complied with the CTCA to be allowed to pursue claims under California law in this action. However, he must first state a cognizable claim.

### 1.  Negligence

The most likely action under California tort law that Plaintiff might bring on his allegations is for negligence. "An action in negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. [Citations.]" *Regents of the Univ. of California v. Superior Court of Los Angeles Cty.*, 240 Cal. App. 4th 1296, 1310 (2015), *reh'g denied* (Oct. 26, 2015) quoting *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673 (*Ann M.*) [disapproved on another ground in *Reid v. Google, Inc*. (2010) 50 Cal.4th 512, 527, fn. 5]).

"In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation and damages. The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion. Whether this essential prerequisite to a negligence cause of action has been satisfied in a particular case is a question of law to be resolved by the court. To say that someone owes another a duty of care is a shorthand statement of a conclusion, rather than an aid to analysis in itself. [D]uty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection. [L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular type, liability should be imposed for damage done." *Los Angeles Memorial Coliseum Commission v. Insomaniac, Inc.* 233 Cal.App.4th 803, 908 (2015) (citations and quotations omitted).

Plaintiff fails to state any allegations to meet the elements of a negligence claim under California law.

## II.     CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within thirty days. However, if Plaintiff no longer desires to pursue this action, or realizes that he cannot state a cognizable claim, he may file a notice of voluntary dismissal in that same time.

Plaintiff is advised that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. **Within thirty days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

**If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **November 22, 2016**         /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE